# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|   |   |
|---|---|
| In re: | Chapter 11 |
| CURO Group Holdings Corp., *et al.*, | Case No. 24-90165 (MI) |
| Debtors.[1] | (Joint Administration Requested) |
|   | (Emergency Hearing Requested) |

## DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) WAIVING THE REQUIREMENT TO FILE A LIST OF AND PROVIDE NOTICE DIRECTLY TO EQUITY SECURITY HOLDERS; (II) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION; (III) APPROVING THE FORM AND MANNER OF THE NOTICE OF COMMENCEMENT; (IV) WAIVING THE REQUIREMENT THAT THE DEBTORS FILE SCHEDULES AND SOFAS; (V) EXTENDING THE TIME BY WHICH THE DEBTORS FILE 2015.3 FINANCIAL REPORTS AND (VI) GRANTING RELATED RELIEF

> **Emergency relief has been requested. Relief is requested not later than 1:30 p.m. (prevailing Central Time) on March 25, 2024.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on March 25, 2024, at 1:30 p.m. (prevailing Central Time) in Courtroom 404, 4th Floor, 515 Rusk Street, Houston, TX 77002. Participation at the hearing will only be permitted by audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/Curo. The location of the Debtors' service address for purposes of these chapter 11 cases is 101 N. Main Street, Suite 600, Greenville, SC 29601.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state the following in support of this emergency motion (this "Motion"):

**Relief Requested**

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto (the "Order"): (i) waiving the requirement to file a list of, and provide notice directly to, equity security holders of Debtor CURO Group Holdings Corp. ("CURO"); (ii) authorizing the Debtors to redact certain personally identifiable information; (iii) approving the form and manner of notifying creditors of the commencement of the Debtors' chapter 11 cases (the "Chapter 11 Cases"); (iv) waiving the requirement that the Debtors file the schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and SOFAs"); (v) extending the time by which the Debtors file their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in Bankruptcy Rule 2015.3 (the "2015.3 Reports") and (vi) granting related relief.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157 (b). The Debtors confirm their consent to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 107(c) and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "Bankruptcy Code"), Rules 1007, 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Cases in the Southern District of Texas.

**Background**

5. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. Concurrently with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committees have been appointed or designated.

6. The Debtors and their non-Debtor affiliates (collectively, the "Company") provide consumer credit lending services across the U.S. and Canada. In the U.S., the Company operates under several principal brands, including "Heights Finance," "Southern Finance," "Covington Credit," "Quick Credit," and "First Heritage Credit." In Canada, the Company operates under the "Cash Money" and "LendDirect" brands. As of the Petition Date, the Company operated approximately 400 store locations across 13 U.S. states and approximately 150 stores in eight Canadian provinces and had an online presence in eight Canadian provinces and one territory. The Company generated approximately $672 million in total revenue for the fiscal year 2023, and, as of the Petition Date, the Company had approximately $2.1 billion in aggregate principal amount of prepetition funded debt obligations.

7. A description of the Debtors and their businesses, and the facts and circumstances supporting this Motion, are set forth in the *Declaration of Douglas Clark in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with this Motion and incorporated by reference herein.

**Basis for Relief**

**I. Waiver of the Requirement to File a List of and to Provide Notice Directly to the Equity Security Holders.**

8. Bankruptcy Rule 1007(a)(3) requires a debtor to file, within fourteen days after the petition date, a list of the debtor's equity security holders. Bankruptcy Rule 2002(d) requires that equity security holders be provided notice of, among other things, the commencement of the bankruptcy case and the confirmation hearing. Bankruptcy courts have the authority to modify or waive the requirements under both rules. Fed. R. Bankr. P. 1007(a)(3) ("[U]nless the court orders otherwise, the debtor shall file . . . a list of the debtor's equity security holders . . . ."); Fed. R. Bankr. P. 2002(d) ("[U]nless otherwise ordered by the court, the clerk . . . shall in the manner and form directed by the court give notice to all equity security holders . . . ."); *see also* Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules . . . the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

9. The requirements to file a list of, and to provide notice directly to, equity holders should be waived as to CURO in these Chapter 11 Cases. CURO is a publicly traded company with over 41,727,213 outstanding shares of common stock. CURO does not maintain a list of its equity security holders and therefore must obtain the names and addresses of its shareholders from a securities agent. The vast majority of the shares are held through brokers, who may have many beneficial holders. Preparing and submitting a list with the last known address for each equity security holder and sending notices to all such parties will create undue expense and be an administrative burden with limited corresponding benefit to the estates or parties in interest.

10. CURO filed with its petition a list of significant holders of its outstanding common stock. As soon as is practicable following the date hereof, the Debtors intend to cause the notices

4

required under Bankruptcy Rule 2002(d) to be served on registered holders of CURO Group Holdings Corp.'s common stock. The Debtors request that the requirements to file a list of, and to provide notice directly to, CURO's equity security holders be waived.

**II.     Redaction of Certain Confidential Information of Individuals.**

11.     Bankruptcy Code section 107(c) provides that the Court, for cause, may protect any means of identification contained in any paper filed or to be filed in a case under the Bankruptcy Code. *See* 11 U.S.C. § 107(c)(1). Bankruptcy Rule 9037(a) authorizes the redaction of personally identifiable information of minors. *See* Fed. R. Bankr. P. 9037(a). Certain other jurisdictions impose significant constraints on the processing (which includes the transferring or disclosing of) information relating to identified or identifiable individuals (which includes names and home addresses of individuals and individual business contacts) ("Personal Data"). The Debtors' business inherently involves processing and handling sensitive consumer information and is subject to regulation at the federal, state, and local levels in the U.S. and at the federal and provincial levels in Canada with restrictions on the use and disclosure of Personal Data. For example, the Canadian Personal Information Protection and Electronic Documents Act ("PIPEDA") prohibits the disclosure by any person of personal information belonging to another without the other person's consent or as required by law, including the other person's name and contact information. *See* PIPEDA, § 2. Persons who disclose private personal information in violation of the PIPEDA are subject to civil penalties. *See id.*, § 16. Some Canadian provinces also have private-sector privacy laws, some of which are substantially similar to PIPEDA. Certain U.S. states also impose regulations on collection and safe keeping of personal information.

12.     It is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in these Chapter 11 Cases, including, among other things, the consolidated list of creditors (the "Creditor Matrix") and any other information required to be filed pursuant to

Bankruptcy Code section 521 the names, email addresses, home addresses and other Personal Data of any natural person because such information can be used to perpetrate identity theft and phishing scams or to locate survivors of domestic violence, harassment or stalking, exposing the Debtors to potential civil liability and significant financial penalties.

13. The Debtors propose to provide an unredacted version of the Creditor Matrix and any other filings redacted pursuant to the proposed Order to (a) the Court, (b) the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), (c) counsel to any official committee appointed in these Chapter 11 Cases (if any) and (d) any party in interest upon a request to the Debtors (email being sufficient) or to the Court that is reasonably related to these Chapter 11 Cases. In each case, this would be subject to a review of whether such disclosure, on a case-by-case basis, would violate any obligation under the applicable consumer private privacy or data protection law or regulation. In addition, the Debtors will distribute as applicable any notices that are received at the Debtors' corporate headquarters and are intended for a current employee.

14. Absent the relief requested herein, the Debtors (a) may be in violation of applicable data privacy law, thereby exposing them to monetary penalties that could threaten the Debtors' operations during this sensitive stage of their efforts to maximize the value of their estates, (b) would unnecessarily render individuals more susceptible to identity theft, and (c) could jeopardize the safety of employees, contract workers, former employees, and other individual creditors or individual equity holders who, unbeknownst to the Debtors, are survivors of domestic violence, harassment, or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

**III.  Service of Required Notices to Creditors.**

15. Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees

6

at least 21 days' notice by mail of: the meeting of creditors under § 341 or § 1104(b) of the Code." Fed. R. Bankr. P. 2002(a). Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors. *See* Fed. R. Bankr. P. 2002(f).

16. Through Epiq Corporate Restructuring, LLC, the Debtors' proposed noticing, claims, and solicitation agent, the Debtors propose to serve the notice of commencement of these Chapter 11 Cases, substantially in the form attached as **Exhibit A** to the Order (the "Notice of Commencement"), on all parties listed on the Creditor Matrix to advise them of the meeting of creditors under Bankruptcy Code section 341. Service of the Notice of Commencement will not only avoid confusion among creditors but will also prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous Creditor Matrix. Thus, service of the Notice of Commencement is warranted.

**IV.   Cause Exists to Waive the Requirements that the Debtors File Schedules and SOFAs.**

17. The circumstances of these Chapter 11 Cases merit a conditional waiver of the requirements that the Debtors file Schedules and SOFAs.

18. The Debtors request that the time for filing their Schedules and SOFAs be extended until fifty (50) days from the Petition Date, unless further extended by agreement between the U.S. Trustee and the Debtors, and be waived in the event the Plan is confirmed on or prior to that date. The Court has authority to grant an extension "for cause" pursuant to Bankruptcy Rule 1007(c) and Bankruptcy Local Rule 1007-l(b). Here, cause exists to further extend the deadline because requiring the Debtors to file Schedules and SOFAs would distract the Debtors' management and advisors from the work of ensuring an expedited confirmation and emergence from these Chapter 11 Cases. Given the prepackaged nature of these Chapter 11 Cases, the Schedules and SOFAs would also be of limited utility to most parties in interest—the Debtors have already commenced solicitation of the Plan and anticipate having enough support to meet the voting thresholds

necessary to confirm the Plan. In accordance with the milestones set forth in the RSA, the Debtors are seeking confirmation of the Plan within 50 days of the Petition Date. The minimal benefit of requiring the Debtors to prepare the Schedules and SOFAs will be significantly outweighed by the substantial expenditure of time and resources the Debtors will be required to devote to the preparation and filing of the documents. For these reasons, the Court should only require the Debtors to file Schedules and SOFAs if the Plan is not confirmed by May 13, 2024.

19. Accordingly, the Debtors request that the Order provide that if the Plan is confirmed on or before May 13, 2024, the Debtors will be excused from filing the Schedules and SOFAs without further order of the Court.

20. The Debtors ask that the requested relief be granted without prejudice to the Debtors' ability to seek further extension or modification of the requirements for the Debtors to file Schedules and SOFAs. The Debtors also request that the Court authorize the Debtors to further extend the deadline to file Schedules and SOFAs without filing a supplemental motion, and without further order from the Court; provided that the Debtors obtain the advance consent of the U.S. Trustee.

**V.   Cause Exists to Extend the Time by Which the Debtors Must File Their 2015.3 Reports.**

21. The Debtors respectfully submit that the circumstances of these Chapter 11 Cases merit an extension of the time by which the Debtors must file their 2015.3 Reports until May 13, 2024, and without prejudice to the Debtors' ability to request additional extensions for cause or to file a motion with the Court seeking a modification of such reporting requirements for cause.

22. Cause exists to extend the deadline because requiring the Debtors to file 2015.3 Reports in the absence of an extension would distract the Debtors' management and advisors from the work of ensuring a smooth transition into these Chapter 11 Cases and an expedited

confirmation of the Plan. Given the prepackaged nature of these Chapter 11 Cases, the 2015.3 Reports would also be of limited utility to most parties in interest—the Debtors have already commenced solicitation and expect to obtain the acceptances necessary to confirm the Plan. The minimal benefit of requiring each Debtor to prepare the 2015.3 Reports by the current deadlines will be significantly outweighed by the substantial expenditure of time and resources the Debtors will be required to devote to the preparation and filing of the documents.

23. The Debtors ask that the requested relief be granted without prejudice to the Debtors' ability to seek further extension or modification of the requirement for the Debtors to file 2015.3 Reports. The Debtors also request that the Court authorize the Debtors to further extend the deadline to file 2015.3 Reports without filing a supplemental motion, and without further order from the Court; provided that the Debtors obtain the advance consent of the U.S. Trustee.

## Emergency Consideration

24. The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003 and Bankruptcy Local Rule 9013-1, which empower a court to grant relief within the first 21 days after the commencement of a Chapter 11 Case when that relief is necessary to avoid immediate and irreparable harm to the estate. An immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations and any delay in granting the relief requested could hinder their operations and cause irreparable harm. The failure to receive the requested relief during the first 21 days of these Chapter 11 Cases could severely disrupt the Debtors' operations at this critical juncture by diverting estate resources to begin preparing the required information and thereby potentially imperil the Debtors' restructuring. Accordingly, the Debtors request that the Court approve the relief requested in this Motion on an emergency basis.

9

**Notice**

25. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the entities listed on the Debtors' petitions as holding the largest 30 unsecured claims (on a consolidated basis); (c) counsel to the Prepetition 1L Agent; (d) counsel to the Prepetition 1.5L Notes Trustee; (e) counsel to the Prepetition 2L Notes Trustee; (f) counsel to the Ad Hoc Group; (g) counsel to Atlas Securitized Products Holdings, L.P. in its capacity as Administrative Agent; (h) counsel to Midtown Madison Management LLC as Heights II Administrative Agent and Canada II Administrative Agent; (i) the United States Attorney's Office for the Southern District of Texas; (j) the Internal Revenue Service; (k) the United States Securities and Exchange Commission; (l) the state attorneys general in the states where the Debtors conduct their business operations; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no further notice is necessary.

WHEREFORE, the Debtors request entry of an order, substantially in the form of the Order filed with this Motion, granting the relief requested herein and granting such other relief as the Court deems just, proper and equitable.

Dated: March 25, 2024
      Houston, Texas

*/s/ Sarah Link Schultz*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Sarah Link Schultz (State Bar No. 24033047;
S.D. Tex. 30555)
Patrick Wu (State Bar No. 24117924;
S.D. Tex. 3872088)
2300 N. Field Street, Suite 1800
Dallas, TX 75201-2481
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email:  sschultz@akingump.com
       pwu@akingump.com

-and-

Michael S. Stamer (*pro hac vice* pending)
Anna Kordas (*pro hac vice* pending)
Omid Rahnama (*pro hac vice* pending)
One Bryant Park
New York, NY 10036-6745
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email:  mstamer@akingump.com
       akordas@akingump.com
       orahnama@akingump.com

*Proposed Counsel to the Debtors*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

                                                                 */s/ Sarah Link Schultz*
                                                                 Sarah Link Schultz

**Certificate of Service**

I certify that on March 25, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                                 */s/ Sarah Link Schultz*
                                                                 Sarah Link Schultz