**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CURO Group Holdings Corp., *et al.*, | ) ) | Case No. 24-90165 (MI) |
| Debtors.[1] | ) ) ) | (Joint Administration Requested) (Emergency Hearing Requested) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING CURO GROUP HOLDINGS CORP. TO ACT
AS FOREIGN REPRESENTATIVE AND (II) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than 1:30 p.m. (prevailing Central Time) on March 25, 2024.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on March 25, 2024, at 1:30 p.m. (prevailing Central Time) in Courtroom 404, 4th Floor, 515 Rusk Street, Houston, TX 77002. Participation at the hearing will only be permitted by audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's home page. The meeting code is "JudgeIsgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state the following in support of this emergency motion (the "Motion"):

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/Curo. The location of the Debtors' service address for purposes of these chapter 11 cases is 101 N. Main Street, Suite 600, Greenville, SC 29601.

**Relief Requested**

1.     By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto (the "Order"): (a) authorizing CURO Group Holdings Corp. ("CURO") to act as foreign representative[2] on behalf of the Debtors' estates (the "Foreign Representative") in legal proceedings in Canada in relation to the Debtors' chapter 11 cases (the "Chapter 11 Cases"); and (b) granting related relief.

**Jurisdiction and Venue**

2.     The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order.

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The bases for the relief requested herein are sections 105 and 1505 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Procedures for Complex Cases in the Southern District of Texas.

**Background**

5.     On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. Concurrently with the filing of this Motion, the Debtors filed a motion

---

[2]   A "foreign representative" is defined in section 45(1) of the CCAA (as defined herein) to mean "a person or body, including one appointed on an interim basis, who is authorized, in a foreign proceeding respect of a debtor company to: (a) monitor the debtor company's business and financial affairs for the purpose of reorganization; or (b) act as a representative in respect of the foreign proceeding."

2

requesting procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committees have been appointed or designated.

6. The Debtors and their non-Debtor affiliates (collectively, the "Company") provide consumer credit lending services across the U.S. and Canada.  In the U.S., the Company operates under several principal brands, including "Heights Finance," "Southern Finance," "Covington Credit," "Quick Credit," and "First Heritage Credit."  In Canada, the Company operates under the "Cash Money" and "LendDirect" brands.  As of the Petition Date, the Company operated approximately 400 store locations across 13 U.S. states and approximately 150 stores in eight Canadian provinces and had an online presence in eight Canadian provinces and one territory.  The Company generated approximately $672 million in total revenue for the fiscal year 2023, and, as of the Petition Date, the Company had approximately $2.1 billion in aggregate principal amount of prepetition funded debt obligations.

7. A description of the Debtors and their businesses, and the facts and circumstances supporting this Motion, are set forth in the *Declaration of Douglas Clark in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with this Motion and incorporated by reference herein.

## Appointment of a Foreign Representative

8. CURO, as the proposed Foreign Representative, will seek ancillary relief in Canada on behalf of LendDirect Corp. and CURO Canada Corp., and, to the extent necessary or appropriate, the other Debtors, in the Ontario Superior Court of Justice (Commercial List), Toronto, Ontario, Canada (the "Canadian Court") pursuant to the *Companies' Creditors Arrangement Act* (Canada) R.S.C. 1985, c. C-36 (as amended, the "CCAA").  The purpose of the

ancillary proceeding (the "Canadian Proceeding") is to request that the Canadian Court recognize the Chapter 11 Cases of LendDirect Corp. and CURO Canada Corp., and, to the extent necessary or appropriate, the other Debtors,[3] as "foreign main proceedings" under the applicable provisions of the CCAA to, among other things, protect the Company's assets and operations in Canada and obtain a Canadian order staying self-help remedies by landlords, utility providers or other parties following the commencement of these Chapter 11 Cases.  Concurrent with the filing of this Motion, the Company will be seeking an emergency stay in Canada, pending entry of the proposed Order, to prevent any claimants from taking steps against business and property in Canada.

9. The Debtors request authority to appoint CURO as Foreign Representative in connection with the Canadian Proceeding to satisfy the requirements of the CCAA.  Specifically, Section 46 of the CCAA provides:

> (1) **Application for recognition of a foreign proceeding.** — A foreign representative may apply to the court for recognition of the foreign proceeding in respect of which he or she is a foreign representative.
>
> (2) **Documents that must accompany application.** — . . . the application must be accompanied by . . . (b) a certified copy of the instrument, however designated, authorizing the foreign representative to act in that capacity or a certificate from the foreign court affirming the foreign representative's authority to act in that capacity. . . .

CCAA, R.S.C., c. C-36, § 46 (1985) (Can.).

10. Absent an order of this Court, the Debtors may find it difficult to satisfy the requirements set out in the CCAA for an application for recognition of these Chapter 11 Cases. Accordingly, in order for CURO to be recognized as the Foreign Representative in the Canadian Proceeding, and thereby apply to have the Chapter 11 Cases of LendDirect Corp. and CURO

---

[3] At this time, the Debtors anticipate seeking recognition only of the Chapter 11 Cases commenced by LendDirect Corp. and CURO Canada Corp.

Canada Corp. recognized by the Canadian Court, this Court must enter an order authorizing CURO to act as the Foreign Representative in the Canadian Proceeding. If the order is entered, CURO will be able to file the order with the Canadian Court as the instrument authorizing CURO to act as the Foreign Representative pursuant to section 46 of the CCAA. At this time, the Company has no intention of seeking recognition in any other jurisdictions.

### Basis for Relief

11. Although the provisions of chapter 15 of the Bankruptcy Code generally do not apply to other chapters of the Bankruptcy Code, pursuant to Bankruptcy Code section 103(k)(1), Bankruptcy Code section 1505 applies to any case under the Bankruptcy Code. Specifically, Bankruptcy Code section 103(k)(1) provides that "[c]hapter 15 applies only in a case under such chapter, except that—(1) sections 1505, 1513, and 1514 apply in all cases under this title." 11 U.S.C. § 103(k)(1).

12. Bankruptcy Code section 1505 provides that "[a] *trustee or another entity* (including an examiner) may be authorized by the court to act in a foreign country on behalf of an estate created under section 541. An entity authorized to act under this section may act in any way permitted by the applicable foreign law." 11 U.S.C. § 1505 (emphasis added). Further, Bankruptcy Code section 1107 provides, in relevant part, that

> [s]ubject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the rights to compensation under section 330 of this title, and powers, and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter.

11 U.S.C. § 1107(a).

13. Although the Debtors submit that Bankruptcy Code sections 1107 and 1505 confer upon the Debtors, as debtors in possession, sufficient rights, powers and duties to act as the Foreign

5

Representative of the Debtors' estates, to avoid any doubt regarding this authority and to comply with any applicable requirements of sections 45(1) and 46 of the CCAA, the Debtors seek entry of the proposed Order, pursuant to Bankruptcy Code section 1505, authorizing CURO to act as the Foreign Representative of itself and LendDirect Corp. and CURO Canada Corp. (and such other Debtors if necessary or appropriate) in the Canadian Proceeding.

14. This relief will allow coordination of these Chapter 11 Cases and the Canadian Proceeding and provide an effective mechanism to protect and maximize the value of the Debtors' assets and estates. Specifically, the Canadian Proceeding will allow the Debtors to seek orders of the Canadian Court, ensuring that certain relief granted in this Court is enforceable in Canada and that creditors in the United States and Canada are subject to similar stays as a result of the commencement of these Chapter 11 Cases.

15. Accordingly, the relief requested herein is necessary and appropriate and should be granted in all respects.

## Emergency Consideration

16. The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003 and Bankruptcy Local Rule 9013-1, which empower a court to grant relief within the first 21 days after the commencement of a chapter 11 case when that relief is necessary to avoid immediate and irreparable harm to the estate. An immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations and any delay in granting the relief requested could hinder their operations and cause irreparable harm. The failure to receive the requested relief during the first 21 days of these Chapter 11 Cases could severely disrupt the Debtors' operations in Canada at this critical juncture and imperil the Debtors' restructuring. Accordingly, the Debtors request that the Court approve the relief requested in this Motion on an emergency basis.

### Waiver of Bankruptcy Rules 6004(a) and 6004(h)

17. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### Notice

18. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the entities listed on the Debtors' petitions as holding the largest 30 unsecured claims (on a consolidated basis); (c) counsel to the Prepetition 1L Agent; (d) counsel to the Prepetition 1.5L Notes Trustee; (e) counsel to the Prepetition 2L Notes Trustee; (f) counsel to the Ad Hoc Group; (g) counsel to Atlas Securitized Products Holdings, L.P. in its capacity as Administrative Agent; (h) counsel to Midtown Madison Management LLC as Heights II Administrative Agent and Canada II Administrative Agent; (i) the United States Attorney's Office for the Southern District of Texas; (j) the Internal Revenue Service; (k) the United States Securities and Exchange Commission; (l) the state attorneys general in the states where the Debtors conduct their business operations; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no further notice is necessary.

WHEREFORE, the Debtors request entry of an order, substantially in the form of the Order filed with this Motion, granting the relief requested herein and granting such other relief as the Court deems just, proper and equitable.

Dated: March 25, 2024
       Houston, Texas

/s/ Sarah Link Schultz
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Sarah Link Schultz (State Bar No. 24033047; S.D. Tex. 30555)
Patrick Wu (State Bar No. 24117924; S.D. Tex. 3872088)
2300 N. Field Street, Suite 1800
Dallas, TX 75201-2481
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email:  sschultz@akingump.com
       pwu@akingump.com

-and-

Michael S. Stamer (*pro hac vice* pending)
Anna Kordas (*pro hac vice* pending)
Omid Rahnama (*pro hac vice* pending)
One Bryant Park
New York, NY 10036-6745
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email:  mstamer@akingump.com
       akordas@akingump.com
       orahnama@akingump.com

*Proposed Counsel to the Debtors*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

                                                  */s/ Sarah Link Schultz*
                                                  Sarah Link Schultz

**Certificate of Service**

I certify that on March 25, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                  */s/ Sarah Link Schultz*
                                                  Sarah Link Schultz