**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CURO Group Holdings Corp., *et al.*, | ) | Case No. 24-90165 (MI) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF FILING OF DISCLOSURE STATEMENT**
**FOR JOINT PREPACKAGED PLAN OF REORGANIZATION OF**
**CURO GROUP HOLDINGS CORP. AND ITS DEBTOR AFFILIATES**
**(MODIFIED) AND JOINT PREPACKAGED PLAN OF REORGANIZATION**
**OF CURO GROUP HOLDINGS CORP. AND ITS DEBTOR AFFILIATES (MODIFIED)**

**PLEASE TAKE NOTICE** that on March 25, 2024, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Disclosure Statement Relating to the Joint Prepackaged Plan of Reorganization of Curo Group Holdings Corp. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 51] ( the "Disclosure Statement") and the *Joint Prepackaged Plan of Reorganization of Curo Group Holdings Corp. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 50] (the "Plan") in the above-captioned chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE** that on March 27, 2024, at 5:00 p.m. (prevailing Central Time), a hearing (the "Hearing") was held to consider conditional approval of the Disclosure Statement.

**PLEASE TAKE FURTHER NOTICE** that on March 28, 2024, the Debtors filed a modified Disclosure Statement (the "Modified Disclosure Statement") [Docket No. 120] and a

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/Curo. The location of the Debtors' service address for purposes of these chapter 11 cases is 101 N. Main Street, Suite 600, Greenville, SC  29601.

modified Plan (the "Modified Plan") [Docket No. 119].  The Modified Disclosure Statement and Modified Plan reflect minor modifications included to address comments made by the Court at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit A** is a change-page only redline of the Modified Disclosure Statement marked against the Disclosure Statement and attached hereto as **Exhibit B** is a change-page only redline of the Modified Plan marked against the Plan.

[*Remainder of this page intentionally left blank*]

Dated: March 28, 2024                   Respectfully submitted,
     Houston, Texas

*/s/  Sarah Link Schultz*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Sarah Link Schultz (State Bar No. 24033047;
S.D. Tex. 30555)
Patrick Wu (State Bar No. 24117924;
S.D. Tex. 3872088)
2300 N. Field Street, Suite 1800
Dallas, TX 75201-2481
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email:  sschultz@akingump.com
       pwu@akingump.com

-and-

Michael S. Stamer (admitted *pro hac vice*)
Anna Kordas (admitted *pro hac vice*)
Omid Rahnama (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036-6745
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email:  mstamer@akingump.com
       akordas@akingump.com
       orahnama@akingump.com

*Proposed Counsel to the Debtors*

## Certificate of Service

     I certify that on March 28, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                    */s/  Sarah Link Schultz*
                    Sarah Link Schultz

## Exhibit A

## Disclosure Statement Redline

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CURO Group Holdings Corp., *et al.*, | ) | Case No. 24-90165 (MI) |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |
| | ) | |

**DISCLOSURE STATEMENT**
**RELATING**
**TO THE JOINT PREPACKAGED PLAN**
**OF REORGANIZATION**
**OF CURO GROUP HOLDINGS CORP. AND**
**ITS DEBTOR AFFILIATES**
**PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE (MODIFIED)**

**AKIN GUMP STRAUSS HAUER & FELD LLP**

Sarah Link Schultz
  (State Bar No. 24033047; S.D. Tex. 30555)
Patrick Wu
  (State Bar No. 24117924; S.D. Tex. 3872088)
2300 N. Field Street, Suite 1800
Dallas, TX 75201-2481
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email: sschultz@akingump.com
       pwu@akingump.com

Michael S. Stamer (*pro hac vice* pending)
Anna Kordas (*pro hac vice* pending)
Omid Rahnama (*pro hac vice* pending)
One Bryant Park
New York, NY 10036-6745
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: mstamer@akingump.com
       akordas@akingump.com
       orahnama@akingump.com

*Proposed Counsel to the Debtors*

Dated: March 2428, 2024

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/Curo. The location of the Debtors' service address for purposes of these chapter 11 cases is 101 N. Main Street, Suite 600, Greenville, SC 29601.

Debtors without the need for any approvals, authorization, or consents except for those expressly required pursuant to the Plan.

**L.    CVR Agreement and CVR Distribution Framework**

On the Effective Date, Reorganized CURO shall enter into the CVR Agreement with the CVR Agent.  After the Effective Date, the CVRs shall either be distributed through DTC, or, if the Debtors, upon consultation with the Ad Hoc Group, determine that distribution through DTC is not reasonably practicable, according to the following CVR Distribution Framework:

No later than five (5) days after the Effective Date, Reorganized CURO will mail a notice of the potential right to receive one CVR per share of Existing CURO Interest (the "CVR Notice") to all known registered and beneficial Holders of Existing CURO Interests as of the Effective Date (immediately prior to the cancellation thereof) (such Holders, the "Potential CVR Recipients") and each such CVR Notice shall contain (i) information as to the process for a Potential CVR Recipient to receive their CVR (or Cash in lieu of CVR); and (ii) notification that the Potential CVR Recipient will lose the right to obtain any interest in the CVRs (or to obtain Cash in lieu of a CVR distribution) if the CVR Recipient Certification is not received by the CVR Submission Deadline.

In order to obtain any interest in the CVRs, by no later than 90 days after service of the CVR Notice ("CVR Submission Deadline"), Potential CVR Recipients shall be required to return a certification and agreement (the "CVR Recipient Certification") that will provide for, among other things ("CVR Recipient Conditions"):

(i)    The Potential CVR Recipient shall certify whether or not they are an accredited investor (as defined in Rule 501 promulgated under the Securities Act) (each such accredited investor, an "Accredited Investor");

(ii)    ~~If the Potential CVR Recipient opted out of the Third Party Release, such Potential CVR Recipient consents to being deemed to have withdrawn such opt-out upon receipt of the CVRs (or Cash in lieu of the CVRs);~~

(~~iii~~ii)        The Potential CVR Recipient agrees to release (and shall be deemed to have released) any Section 510(b) Claims upon receipt of the CVRs (or Cash in lieu of the CVRs);

(~~iv~~iii)        For any beneficial Holders that hold their Existing CURO Interests through a registered broker or agent, a certification from such Holder's broker or agent as to the amount of shares beneficially owned by such Holder as of the Effective Date (immediately prior to the cancellation thereof); and

(~~v~~iv)        Such other standard identification information reasonably requested by the Reorganized Debtors (such as mailing address, contact information, and information related to preferred method of delivery).

Reorganized CURO will distribute the CVRs; *provided* that Reorganized CURO, on the Effective Date, shall be a privately held company whose securities are not required to be registered under the Securities Exchange Act, *provided* further that CVRs shall not be distributed to more than 1,900 beneficial holders of Existing Common Stock Interests, of which no more than 450 shall be non-Accredited Investors ("Maximum CVR Recipients").

If more Potential CVR Recipients meeting the CVR Recipient Conditions than the Maximum CVR Recipients return a properly executed CVR Recipient Certification by the CVR Submission

scenario.  Accordingly, the Debtors recommend that Holders of Claims and Interests entitled to vote on the Plan vote to accept the Plan and support Confirmation of the Plan.

Dated:  March 2428, 2024

CURO GROUP HOLDINGS CORP.
on behalf of itself and all other Debtors

By:  */s/ Douglas D. Clark*

Douglas D. Clark
Chief Executive Officer

**Exhibit B**

**Plan Redline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CURO Group Holdings Corp., *et al.*, | ) | Case No. 24-90165 (MI) |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |
| | ) | |

**JOINT PREPACKAGED PLAN OF REORGANIZATION OF**
**CURO GROUP HOLDINGS CORP.**

**AND ITS DEBTOR AFFILIATES**
**PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE (MODIFIED)**

---

THIS CHAPTER 11 PLAN IS BEING SOLICITED FOR ACCEPTANCE OR REJECTION IN ACCORDANCE WITH BANKRUPTCY CODE SECTION 1125 AND WITHIN THE MEANING OF BANKRUPTCY CODE SECTION 1126.  THIS CHAPTER 11 PLAN WILL BE SUBMITTED TO THE BANKRUPTCY COURT FOR APPROVAL FOLLOWING SOLICITATION AND THE DEBTORS' FILING FOR CHAPTER 11 BANKRUPTCY.

---

**AKIN GUMP STRAUSS HAUER & FELD LLP**

Sarah Link Schultz (State Bar No. 24033047; S.D. Tex. 30555)
Patrick Wu (State Bar No. 24117924; S.D. Tex. 3872088)
2300 N. Field Street, Suite 1800
Dallas, TX 75201-2481
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email:   sschultz@akingump.com
pwu@akingump.com
*Proposed Counsel to the Debtors*

Michael S. Stamer (*pro hac vice* pending)
Anna Kordas (*pro hac vice* pending)
Omid Rahnama (*pro hac vice* pending)
One Bryant Park
New York, NY 10036-6745
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email:   mstamer@akingump.com
akordas@akingump.com
orahnama@akingump.com

Dated March 2428, 2024

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/Curo. The location of the Debtors' service address for purposes of these chapter 11 cases is 101 N. Main Street, Suite 600, Greenville, SC 29601.

C.    Assumption of the D&O Liability Insurance Policies. ............................................ 33
D.    Claims Based on Rejection of Executory Contracts or Unexpired Leases. .............. 33
E.    Cure of Defaults for Assumed Executory Contracts and Unexpired Leases. ............. 3433
F.    Insurance Policies. ................................................................................................... 34
G.    Reservation of Rights. .............................................................................................. 34
H.    Nonoccurrence of Effective Date. ............................................................................ 3534
I.    Contracts and Leases Entered Into After the Petition Date. ...................................... 35

ARTICLE VI. PROVISIONS GOVERNING DISTRIBUTIONS .......................................... 35
A.    Timing and Calculation of Amounts to Be Distributed. ........................................... 35
B.    Disbursing Agent. ..................................................................................................... 35
C.    Rights and Powers of Disbursing Agent. .................................................................. 35
D.    Delivery of Distributions and Undeliverable or Unclaimed Distributions. .............. 3635
E.    Manner of Payment. .................................................................................................. 36
F.    Compliance with Tax Requirements. ........................................................................ 36
G.    Allocations. ............................................................................................................... 37
H.    No Postpetition Interest on Claims. .......................................................................... 37
I.    Foreign Currency Exchange Rate. ............................................................................ 37
J.    Setoffs and Recoupment. .......................................................................................... 37
K.    Claims Paid or Payable by Third Parties. ................................................................. 37

ARTICLE VII. PROCEDURES FOR RESOLVING CONTINGENT,  UNLIQUIDATED, AND
DISPUTED CLAIMS ........................................................................................ 38
A.    Disputed Claims Process. .......................................................................................... 38
B.    Allowance of Claims and Interests. .......................................................................... 39
C.    Claims Administration Responsibilities. ................................................................... 39
D.    Adjustment to Claims or Interests without Objection. .............................................. 39
E.    Disallowance of Claims or Interests. ......................................................................... 39

ARTICLE VIII. SETTLEMENT, RELEASE, INJUNCTION, AND RELATED PROVISIONS ...... 40
A.    Discharge of Claims and Termination of Interests. ................................................... 40
**B.    Release of Liens.** ....................................................................................................... 40
**C.    Releases by the Debtors.** ........................................................................................... 40
**D.    Releases by Third Parties.** ........................................................................................ 41
**E.    Exculpation.** ............................................................................................................. 42
**F.    Injunction.** ............................................................................................................... 43
G.    Protections Against Discriminatory Treatment. ....................................................... 43
H.    Document Retention. ................................................................................................ 43
I.    Reimbursement or Contribution. .............................................................................. 4443

ARTICLE IX. CONDITIONS PRECEDENT TO CONFIRMATION AND CONSUMMATION OF
THE PLAN ....................................................................................................... 44
A.    Conditions Precedent to Confirmation ..................................................................... 44
B.    Conditions Precedent to the Effective Date. ............................................................. 44
C.    Waiver of Conditions. ............................................................................................... 45
D.    Effect of Failure of Conditions. ................................................................................ 4645
E.    Substantial Consummation. ....................................................................................... 46

ARTICLE X. MODIFICATION, REVOCATION, OR WITHDRAWAL OF THE PLAN ............. 46
A.    Modification and Amendments. ................................................................................ 46
B.    Effect of Confirmation on Modifications. ................................................................. 46
C.    Revocation or Withdrawal of Plan. ........................................................................... 46

ARTICLE XI. RETENTION OF JURISDICTION .................................................................. 4746

ARTICLE XII. MISCELLANEOUS PROVISIONS .......................................................... 48

    A.         Immediate Binding Effect. ........................................................................... 48

    B.         Additional Documents. ................................................................................. 49

    C.         Payment of Statutory Fees. ......................................................................... 49

    D.        Statutory Committee and Cessation of Fee and Expense Payment. ............ 49

    E.         Reservation of Rights. ................................................................................. 49

    F.         Successors and Assigns. ............................................................................... 49

    G.        Notices. ........................................................................................................ ~~50~~49

    H.        Term of Injunctions or Stays. ..................................................................... 50

    I.         Entire Agreement. ....................................................................................... 50

    J.         Exhibits. ...................................................................................................... ~~51~~50

    K.        Nonseverability of Plan Provisions. ........................................................... ~~51~~50

    L.         Votes Solicited in Good Faith. .................................................................... 51

    M.       Closing of Chapter 11 Cases. ...................................................................... 51

    N.        Waiver or Estoppel. ..................................................................................... 51

    O.        Tax Reporting and Compliance ................................................................... ~~52~~51

    P.        Creditor Default .......................................................................................... ~~52~~51

equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, predecessors, participants, successors, assigns, subsidiaries, Affiliates, partners, limited partners, general partners, principals, members, management companies, fund advisors or managers, employees, agents, trustees, advisory board members, financial advisors, attorneys (including any other attorneys or professionals retained by any current or former director or manager in his or her capacity as director or manager of an Entity), accountants, investment bankers, consultants, representatives, and other professionals and advisors and any such Person's or Entity's respective heirs, executors, estates, and nominees.

152.   "*Released Party*" means, each of, and in each case in its capacity as such: (a) each Debtor; (b) each Reorganized Debtor; (c) each Consenting Stakeholder; (d) each Agent/Trustee; (e) each DIP Backstop Party and each DIP Lender; (f) the Information Officer; (g) the Securitization Facilities Parties; (h) with respect to each of the foregoing Entities in clauses (a) through (g), such Entities' Related Parties, in each case solely in their capacity as such; *provided* that in each case, an Entity shall not be a Released Party if it:  (x) elects to opt out of the releases contained in Article VIII.D of the Plan; or (y) timely objects to the releases contained in Article VIII.D of the Plan and such objection is not resolved before Confirmation.

153.   "*Releasing Party*" means, each of, and in each case in its capacity as such:  (a) the Debtors; (b) the Reorganized Debtors; (c) each Company Party; (d) each DIP Backstop Party and each DIP Lender; (e) each Agent/Trustee; (f) the Securitization Facilities Parties; (g) each Consenting Stakeholder; (h) all Holders of Claims or Interests that vote to accept the Plan who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot indicating that they opt not to grant the releases provided in the Plan; (i) all Holders of Claims that are deemed to accept the Plan who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable notice of non-voting status indicating that they opt not to grant the releases provided in the Plan; (j) all Holders of Claims or Interests that abstain from voting on the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot indicating that they opt not to grant the releases provided in the Plan; (k) all Holders of Claims or Interests that vote to reject the Plan or are deemed to reject the Plan and who do not affirmatively opt out of the releases provided by the Plan by checking the box on the applicable ballot or notice of non-voting status indicating that they opt not to grant the releases provided in the Plan; (l) with respect to each of the Entities in clauses (a) through (g), such Entities' Related Parties, in each case solely in their capacity as such; *provided* that in each case, an Entity shall not be a Releasing Party if it: (x) elects to opt out of the releases contained in Article VIII.D of the Plan; or (y) timely objects to the releases contained in Article VIII.D of the Plan and such objection is not resolved before Confirmation.

154.   "*Reorganized CURO*" means either (i) CURO, as reorganized pursuant to and under the Plan or any successor thereto (or as converted from a corporation to another form of entity, as agreed upon between the Debtors and the Ad Hoc Group), or (ii) a newly-formed Entity formed to, among other things, directly or indirectly acquire substantially all of the assets and/or stock of the Company Parties and, on the Effective Date, issue the New Equity Interests (and in each case including any other newly-formed Entity formed to, among other things, effectuate the Restructuring Transactions and issue the New Equity Interests); *provided*, that such determination shall be consistent with the consent rights contained in Section 3.02 of the RSA.

155.   "*Reorganized Debtor*" means a Debtor, or any successor or assign thereto, by merger, consolidation, reorganization, or otherwise, in the form of a corporation, limited liability company, partnership, or other form, as the case may be, on and after the Effective Date.

156.   "*Required Consenting 1.5L Noteholders*" means, as of the relevant date, Consenting 1.5L Noteholders holding, collectively, at least 50.01% of the aggregate outstanding principal amount of Prepetition 1.5L Notes that are held by Consenting 1.5L Noteholders as of the Effective Date.

157.   "*Required Consenting First Lien Lenders*" means, as of the relevant date, Consenting 1L Lenders holding, collectively, at least 50.01% of the aggregate outstanding principal amount of Prepetition 1L Term Loan Claims that are held by Consenting 1L Lenders as of the Effective Date.

No later than five (5) days after the Effective Date, Reorganized CURO will mail a notice of the potential right to receive one CVR per share of Existing CURO Interest (the "CVR Notice") to all known registered and beneficial Holders of Existing CURO Interests as of the Effective Date (immediately prior to the cancellation thereof) (such Holders, the "Potential CVR Recipients") and each such CVR Notice shall contain (i) information as to the process for a Potential CVR Recipient to receive their CVR (or Cash in lieu of CVR); and (ii) notification that the Potential CVR Recipient will lose the right to obtain any interest in the CVRs (or to obtain Cash in lieu of a CVR distribution) if the CVR Recipient Certification is not received by the CVR Submission Deadline.

In order to obtain any interest in the CVRs, by no later than 90 days after service of the CVR Notice ("CVR Submission Deadline"), Potential CVR Recipients shall be required to return a certification and agreement (the "CVR Recipient Certification") that will provide for, among other things ("CVR Recipient Conditions"):

(a)     The Potential CVR Recipient shall certify whether or not they are an accredited investor (as defined in Rule 501 promulgated under the Securities Act) (each such accredited investor, an "Accredited Investor");

(b)     ~~If the Potential CVR Recipient opted out of the Third Party Release, such Potential CVR Recipient consents to being deemed to have withdrawn such opt out upon receipt of the CVRs (or Cash in lieu of the CVRs);~~

(~~c~~b)     The Potential CVR Recipient agrees to release (and shall be deemed to have released) any Section 510(b) Claims upon receipt of the CVRs (or Cash in lieu of the CVRs);

(~~d~~c)     For any beneficial Holders that hold their Existing CURO Interests through a registered broker or agent, a certification from such Holder's broker or agent as to the amount of shares beneficially owned by such holder as of the Effective Date (immediately prior to the cancellation thereof); and

(~~e~~d)     Such other standard identification information reasonably requested by the Reorganized Debtors (such as mailing address, contact information, and information related to preferred method of delivery).

Reorganized CURO will distribute the CVRs; *provided* that Reorganized CURO, on the Effective Date, shall be a privately held company whose securities are not required to be registered under the Securities Exchange Act, *provided* further that CVRs shall not be distributed to more than 1,900 beneficial holders of Existing Common Stock Interests, of which no more than 450 shall be non-Accredited Investors ("Maximum CVR Recipients").

If more Potential CVR Recipients meeting the CVR Recipient Conditions than the Maximum CVR Recipients return a properly executed CVR Recipient Certification by the CVR Submission Deadline, then the Reorganized Debtors shall only distribute the CVRs pursuant to the Plan to the Potential CVR Recipients that hold the largest percentage of Existing CURO Securities until CVRs have been distributed to the Maximum CVR Recipients. In the event that multiple Potential CVR Recipients hold the same number of shares and all such holders cannot be included due to the Maximum CVR Recipient Requirement, then the Reorganized Debtors shall include such Potential CVR Recipients in alphabetical order (based on last name or entity name) until the Maximum CVR Recipient threshold is reached.

For any Potential CVR Recipient meeting the CVR Recipient Requirements that would have been eligible to receive the CVRs but for the limitation on the Maximum CVR Recipients, the Reorganized Parent shall pay Cash in an amount equal to the value of the CVRs at the Effective Date ("Effective Date CVR Value") to a particular Holder in lieu of distribution of CVRs to such Holder; *provided*, that if the Cash to be distributed to a particular beneficial Holder in lieu of CVRs is less than the minimum distribution amount set forth in Article VI.D.2 of the Plan, then such Holder shall not receive any additional Cash nor any rights under or interest in the CVRs. The Cash payment will be paid to the address identified by the Potential CVR Recipient on the CVR Recipient Certification. The Effective Date CVR Value will be made available to the Potential CVR Recipients as soon as practicable.

Dated:  March 2428, 2024

CURO GROUP HOLDINGS CORP.
on behalf of itself and all other Debtors


By: */s/ Douglas Clark*_____
     Name:  Douglas Clark
     Title:   Chief Executive Officer