**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CURO Group Holdings Corp., *et al.*, | ) | Case No. 24-90165 (MI) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | **Re: Docket ~~No~~Nos. ~~—~~214, 445** |

**ORDER GRANTING
DEBTORS' APPLICATION TO (A) RETAIN AND EMPLOY
OPPENHEIMER & CO. INC. AS INVESTMENT BANKER,
EFFECTIVE AS OF THE PETITION DATE, (B) WAIVING CERTAIN TIME
KEEPING REQUIREMENTS AND (C) GRANTING RELATED RELIEF**

Upon the application (the "Application")[2] of the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases for entry of an order (this "Order") (a) authorizing the Debtors to retain and employ Oppenheimer & Co. Inc. ("Oppenheimer") as their investment banker in these chapter 11 cases effective as of the Petition Date, in accordance with the terms and conditions set forth in the Engagement Letter, (b) waiving and modifying certain of the time-keeping requirements of Bankruptcy Rule 2016(a), any U.S. Trustee Guidelines, and any other guidelines regarding submission and approval of fee applications, and (c) granting related relief, as further described in the Application; and upon the Stone Declaration; and Supplemental Stone Declaration[3]; and the Court having jurisdiction over

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' ~~proposed~~ claims and noticing agent at https://dm.epiq11.com/Curo. The location of the Debtors' service address for purposes of these chapter 11 cases is 101 N. Main Street, Suite 600, Greenville, SC 29601.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

[3] The Supplemental Stone Declaration means the *Supplemental Declaration of Joe Stone in Support of Debtors' Application to (A) Retain and Employ Oppenheimer & Co. Inc. as Investment Banker, Effective as of the Petition Date, (B) Waiving Certain Time Keeping Requirements and (C) Granting Related Relief* [Docket No. 445] filed in response to the Court's *Order to Supplement* [Docket No. 337].

this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this proceeding being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that due and proper notice of the Application and opportunity for a hearing on the Application were provided to the necessary parties and that no other or further notice is necessary; and the Court having heard the statements in support of the relief requested in the Application at a hearing, if any (the "Hearing"); and the Court having reviewed the Application, the Stone Declaration, and the Supplemental Stone Declaration; and the Court having found, based on the representations made in support of the Application, that Oppenheimer is a "disinterested person" as defined in Bankruptcy Code section 101(14) and as required by Bankruptcy Code section 327(a) and that Oppenheimer does not hold or represent an interest adverse to the Debtors or their estates; and the Court having found that the terms and conditions of Oppenheimer's employment as set forth in the Engagement Letter and the Application are reasonable as required by Bankruptcy Code section 328(a); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having found that the retention and employment of Oppenheimer is in the best interests of the Debtors' estates, their creditors and other parties in interest; and any objections to the relief requested in the Application having been withdrawn or overruled on the merits; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      Pursuant to Bankruptcy Code sections 327(a) and 328, Bankruptcy Rules 2014 and 2016 and Bankruptcy Local Rules 2014-1 and 2016-1, the Debtors are hereby authorized to retain and employ Oppenheimer as their investment banker in these chapter 11 cases as of the Petition Date, pursuant to the terms and subject to the conditions set forth in the Engagement Letter attached to the Application as **Exhibit A**, as modified by this Order.

2.      Except to the extent set forth herein, the Engagement Letter (together with all annexes thereto), as modified by this Order, including without limitation the Fee and Expense Structure, are approved pursuant to Bankruptcy Code sections 327(a) and 328(a), and the Debtors are authorized and directed to perform their payment, reimbursement, contribution and indemnification obligations and their non-monetary obligations in accordance with the terms and conditions, and at the times specified, in the Engagement Letter.  Subject to Paragraph 3 of this Order, all compensation and reimbursement of expenses payable under the Engagement Letter shall be subject to review only pursuant to the standards set forth in Bankruptcy Code section 328(a) and shall not be subject to any other standard of review including, but not limited to, that set forth in Bankruptcy Code section 330.

3.      Oppenheimer shall file fee statements and applications for allowance of compensation and reimbursement of expenses pursuant to and in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules or Bankruptcy Local Rules as may then be applicable, and any other applicable orders and procedures of the Court; *provided*, *however*, that Oppenheimer shall be compensated and reimbursed pursuant to Bankruptcy Code section 328(a) and that Oppenheimer's fees and expenses shall not be evaluated under the standard set forth in Bankruptcy Code section 330, *except that*, notwithstanding any provisions to the contrary in this Order, the Application or any of its

attachments, the U.S. Trustee shall retain all rights and be entitled to object to Oppenheimer's request(s) for fees and reimbursement of expenses, including but not limited to those set forth in the final fee application, under the standards provided in Bankruptcy Code sections 330 and 331. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Oppenheimer's fees and reimbursement requests.

4.      Notwithstanding anything to the contrary in the Application or any of its attachments, including but not limited to the Engagement Letter, Oppenheimer shall comply with all requirements of Bankruptcy Rule 2016(a), and Bankruptcy Local Rule 2016-1, including all information and time keeping requirements of subsection (a) of Bankruptcy Local Rule 2016-1, except that Oppenheimer and its professionals shall be permitted to maintain time records of services rendered for the Debtors in one-half (1/2) hour increments.

5.      Notwithstanding anything to the contrary in the Application or any of its attachments, no amounts shall be paid to Oppenheimer absent an order of this Court approving a fee application filed on notice to parties in interest in these chapter 11 cases under the procedures set forth in any order establishing procedures for compensation and reimbursement of expenses of professionals, except that the Debtors are authorized to pay the Monthly Fee to Oppenheimer each month when required under the Engagement Letter without a prior fee statement or application.

6.      Notwithstanding anything to the contrary in the Application, any Sale Transaction Fee due to Oppenheimer as a result of the closing of any Sale shall be segregated and escrowed (for the exclusive benefit of Oppenheimer) from the proceeds of such Sale prior to any other use or distribution of such proceeds.  If any Sale is the result of a successful bid (including on

account of any successful credit bid) without a cash component sufficient to pay the corresponding Sale Transaction Fee due to Oppenheimer in full, then any resulting unpaid portion of the Sale Transaction Fee due to Oppenheimer shall be segregated and escrowed (for the exclusive benefit of Oppenheimer) at the closing of such Sale from the available cash of the Debtors; *provided that* if the Debtors do not have sufficient cash to pay the unpaid portion of such Sale Transaction Fee in full, or any portion thereof, then the successful bidder (including on account of any successful credit bid) shall immediately set aside from its own funds and escrow (for the exclusive benefit of Oppenheimer) any such amount necessary to pay Oppenheimer such unpaid portion of the Sale Transaction Fee in full at the closing of such Sale.  For the avoidance of doubt, nothing in this Order shall prohibit or be construed to prohibit the use of any unencumbered assets of the Debtors or the proceeds thereof to pay any fees and expenses of Oppenheimer or the assertion or allowance of an administrative priority claim under sections Bankruptcy Code 503(b)(2) and 507(a)(2), if applicable, on account of any fees or expenses of Oppenheimer.

7.      In the event that, during the pendency of these chapter 11 cases, Oppenheimer requests reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Oppenheimer's own fee applications, and such invoices and time records shall be in compliance with Bankruptcy Local Rule 2016-1 and subject to approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327 and without regard to whether such attorneys' services satisfy Bankruptcy Code section 330(a)(3)(C). Notwithstanding the foregoing, Oppenheimer shall only be reimbursed for any legal fees incurred in connection with these chapter 11 cases to the extent permitted under applicable law

and the decisions of the Court.  Oppenheimer shall not seek reimbursement from the Debtors'
estates for any fees or expenses incurred in defending any of Oppenheimer's fee applications in
these chapter 11 cases.

8.      The indemnification, contribution, and reimbursement provisions included in
Schedule A to the Engagement Letter are approved, subject to the following modifications,
applicable during the pendency of these chapter 11 cases:

(a)      Indemnified Party (as that term is defined in Schedule A to the Engagement
Letter) shall not be entitled to indemnification, contribution, or reimbursement
pursuant to the Engagement Letter for claims arising from services other than the
services provided under the Engagement Letter, unless such services are approved
by the Court;

(b)      Notwithstanding anything to the contrary in the Engagement Letter, the Debtors
shall have no obligation to indemnify any person or entity or provide contribution
or reimbursement to any person or entity for any claim or expense that is either
(i) judicially determined (the determination having become final) to have arisen
from that person's or entity's gross negligence, willful misconduct, fraud, breach
of fiduciary duty (if any), or bad faith, or (ii) for a contractual dispute in which the
Debtors allege breach of the obligations of Oppenheimer or another Indemnified
Party under the Engagement Letter unless the Court determines that
indemnification, contribution, or reimbursement would be permissible under
applicable law, or (iii) settled prior to a judicial determination as to sub-clauses (i)
or (ii) above, but determined by the Court, after notice and a hearing, to be a claim
or expense for which that person should not receive indemnity, contribution, or
reimbursement under the terms of the Engagement Letter as modified by this
Order; and

(c)      If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in
these chapter 11 cases (that order having become a final order no longer subject to
appeal) and (ii) the entry of an order closing these chapter 11 cases, Oppenheimer
or another Indemnified Party believes that it is entitled to the payment of any
amounts by the Debtors on account of the Debtors' indemnification, contribution,
or reimbursement obligations under the Engagement Letter (as modified by this
Order), including, without limitation, the advancement of defense costs,
Oppenheimer must file an application before the Court and the Debtors may not
pay any such amounts before the entry of an order by the Court approving the
payment; *provided, however*, that for the avoidance of doubt, this subparagraph
(d) is intended only to specify the period of time under which this Court shall
have jurisdiction over any request for fees and expenses for indemnification,

contribution, or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify Oppenheimer or any other Indemnified Party.

9.      To the extent the Debtors and Oppenheimer wish to expand the scope of Oppenheimer's services beyond those services set forth in the Engagement Letter or this Order, the Debtors will file with the Court and serve on the U.S. Trustee and any official committee appointed in these chapter 11 cases a notice of such additional services including, if applicable, any such supplemental agreement(s), engagement letters or statements of work.  Absent any objection filed within fourteen (14) days after the filing and service of such notice, Oppenheimer shall be deemed authorized and approved to provide and be compensated for such additional services pursuant to this Order and the terms of such notice, supplemental agreement, engagement letter or statement of work.  To the extent any such parties object to such additional services, the Debtors shall promptly schedule a hearing before the Court within ten (10) days of receipt of any such objection or as soon thereafter as is practicable.  All additional services shall be subject to the provisions of this Order.

10.     Oppenheimer shall use reasonable efforts to avoid any duplication of services provided by any of the other retained Debtors' professionals in these chapter 11 cases.

11.     Notice of the Application as provided therein shall be deemed good and sufficient notice of such.

12.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.     To the extent the Application, the Stone Declaration, the Supplemental Stone Declaration or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

7

14.     The Debtors and Oppenheimer are authorized and empowered to take any and all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

15.     During the pendency of these chapter 11 cases, the Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Date: _____, 2024
Houston, Texas

_____
JUDGE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE